IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John C. Hayes, IV | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:17-cv-02216-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Canopius US Insurance Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on plaintiff John C. Hayes, IV's ("Hayes") motion to remand, ECF No. 5. For the reasons set forth below, the court grants Hayes's motion.

**I. BACKGROUND**

On June 2, 2014, Dow, Inc. ("Dow") filed suit in the Charleston County Court of Common Pleas against Hayes and First Federal Savings and Loan Association of Charleston ("First Federal"), seeking to foreclose a mechanic's lien in the amount of approximately $76,000 for work Dow had performed for Hayes. Def.'s Resp., 1. Soon thereafter, Hayes filed a third-party complaint against TNF Painting & Renovation, Inc. ("TNF") and Alejando Espinoza d/b/a Paulino's Painting ("Espinoza"). Id. On or about February 9, 2016, the Charleston County Court of Common Pleas entered an order of judgment against Espinoza in the amount of $58,787.38. ECF No. 6-3. On November 17, 2016, Hayes filed a second amended answer, counterclaim, and third-party complaint, adding Canopius US Insurance Inc. ("Canopius") and several others as third-party defendants. Compl., ECF No. 1-1. At the time of the original litigation, Canopius was

1

Espinoza's insurer. Hayes's third-party complaint brings the following causes of action against Canopius: (1) breach of contract, (2) bad faith, (3) fraud, and (4) unfair trade practices. Id. ¶¶ 134–167. Hayes alleges that Canopius erred in denying insurance coverage to Espinoza and in refusing to defend Espinoza in the underlying litigation, which has resulted in harm to both Espinoza and Hayes. Id.

On August 9, 2017, Hayes's claims against Canopius were severed from the other third-party claims by a consent order. ECF No. 1-2. On August 18, 2017, Canopius removed the case from the Charleston County Court of Common Pleas to this court. ECF No. 1. On September 21, 2017, Hayes filed a motion to remand. ECF No. 5. Canopius filed its response on October 5, 2017, ECF No. 6, and Hayes filed his reply on October 12, 2017, ECF No. 7. The matter has been fully briefed and is now ripe for the court's review.

## II. STANDARD

As the party seeking to invoke the court's jurisdiction after removing a case from state court to federal court, the defendant has the burden of proving jurisdiction upon a plaintiff's motion to remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahy v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)); see Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996) (stating that the party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed). In deciding a motion to remand, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. Id. "If federal jurisdiction is doubtful, a remand is necessary." Mulcahy, 29 F.3d at 151 (citations omitted), Pohto v. Allstate Ins.

Co., No. 10-2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.").

## III. DISCUSSION

Hayes requests that the court remand the case to the Charleston County Court of Common Pleas based on three grounds: (1) Canopius is a citizen of South Carolina, and thus there is not complete diversity of citizenship between the parties; (2) the amount-in-controversy does not exceed $75,000; and (3) removal to federal court is prohibited by the one-year limitation of 28 U.S.C. 1332(b)(3). The court remands the case based on the second of these arguments, that the amount-in-controversy does not exceed $75,000. As such, the court does not address arguments one and three.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Under 28 U.S.C. §1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of different States." 28 U.S.C. § 1332(a). In moving to remand the case to the state court, Hayes argues that this court lacks jurisdiction because the amount-in-controversy is less than the $75,000 requirement.

Hayes's third-party complaint against Canopius requests that Canopius pay for the $50,000 judgment that Hayes previously obtained against Canopius's insured, Espinoza. Compl. ¶¶ 123–33. Because courts generally determine the amount-in-controversy by examining the complaint at the time of commencement of the state court action and at the

3

time of removal, the court bases its analysis on the complaint's request for $50,000.[1]

JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010); Brown v. VSC Fire & Sec., Inc., 2016 WL 1600126, at *2 (D.S.C. Apr. 20, 2016).

Hayes's complaint also brings causes of action against Canopius for breach of contract, bad faith, fraud, and unfair trade practices. For these claims, he requests actual, consequential, and punitive damages, plus attorneys' fees and costs. Compl. ¶¶ 123–133, 141, 150, 156, 167. These would likely amount to more than $25,000 to meet the $75,000 amount-in-controversy requirement when added to the requested $50,000 judgment. This is particularly so where the South Carolina Unfair Trade Practices Act allows for treble damages if the defendant is found to have acted willfully. S.C. Code Ann. § 39–5–140(a); see Maybank v. BB&T Corp., 787 S.E.2d 498, 517 (S.C. 2016) ("The UTPA provides for treble damages upon a finding of a willful violation of the Act."). However, Hayes stipulates that the total amount-in-controversy of his claims is no more than $74,999. Pl.'s Reply, 2. He further stipulates that he will never seek to recover anything above this amount, and that should a jury return a verdict exceeding this sum, he will consent to limit the amount of recoverable damages to no more than

---

[1] There are some inconsistencies among the filings and exhibits regarding the amount and date of the judgment that Hayes obtained against Espinoza. The federal filings and most of the state court documents indicate that Hayes obtained a $58,787.38 judgment against Espinoza on February 9 or 10, 2016. ECF No. 6-3. This is the amount that Hayes claims to be seeking in his motion to remand. Mot., 2. By contrast, Hayes's third-party complaint against Canopius—filed November 17, 2016—states that Hayes obtained a $50,000 judgment against Espinoza on May 4, 2015. Compl. ¶¶ 123, 128, 131. Whether the court relies on the amount of $50,000.00 or $58,787.38 as the amount-in-controversy does not alter the court's analysis of the motion.

$74,999.99.  Id.  Canopius argues that this stipulation is insufficient, and that the amount-in-controversy for all of the causes of action combined clearly exceeds $75,000.

"The Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount-in-controversy."  Carter v. Bridgestone Americas, Inc., 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013), citing Rota v. Consolidation Coal Co., 1999 WL 183873, at *1 n. 4 (4th Cir. Apr. 5, 1999) (expressly declining to adopt any particular standard of proof for determining the amount-in-controversy).  Regardless, "courts within the District of South Carolina have leaned towards requiring defendants in this position to show either to a 'legal certainty' or at least within a 'reasonable probability' that the amount-in-controversy has been satisfied."  Id., quoting Brooks v. GAF Materials Corp., 532 F.Supp. 2d 779, 781–82 (D.S.C. 2008).  Generally, "'[e]vents occurring subsequent' to the filing of the complaint 'which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'"  JTH Tax, Inc., 624 F.3d at 638, quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938).  "Nevertheless, various jurisdictions have found that a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint."  Carter v. Bridgestone Americas, Inc., 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013); see, e.g., Ferguson v. Wal–Mart Stores, Inc., 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (remanding case when the plaintiff alleged an unspecified amount of damages and then filed a post-removal stipulation clarifying that the amount of damages sought was below the jurisdictional amount); Gwyn v. Wal–Mart Stores, Inc., 955 F.Supp. 44, 46 (M.D.N.C. 1997) (When presented with indeterminate claims,

"the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount.)

Here, Hayes did assert a claim in his complaint for the specific amount of $50,000. However, the damages for the remainder of his claims are "indeterminate" and request no specific amount that takes the matter past the $75,000 threshold with legal certainty. Thus, the complaint is ambiguous about whether the amount-in-controversy for the four additional causes of action is enough to surpass this $25,000 gap. Because of these ambiguous and indeterminate claims, the court is able to consider Hayes's stipulations that the controversy does not exceed $74,999 and that he will not accept anything beyond this amount.

Two additional factors lead the court to remand the case to state court. First, "[d]oubts about the propriety of removal should be resolved in favor of remanding the case to state court." Barbour v. Int'l Union, 640 F.3d 559, 605 (4th Cir. 2011). Second, Hayes's original third-party complaint against Canopius in state court included three other defendants. To the court's knowledge, those matters are still proceeding in state court, and Hayes's causes of action against those other parties all involve the same set of facts as his now-severed action against Canopius. For the sake of judicial economy, it makes the most sense for this matter to be heard in state court.

Thus, the court remands the case to state court because the complaint does not meet the $75,000 amount-in-controversy requirement.

## IV.  CONCLUSION

For the reasons set for above, the court **GRANTS** Hayes's motion to remand.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**January 12, 2018
Charleston, South Carolina**